## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **RICHARD JAEGER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 22-cv-3018** |
| | ) | **LEAD CASE** |
| **RDX, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**and**

| | | |
|---|---|---|
| **PETER DOYLE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 22-cv-3030** |
| | ) | **MEMBER CASE** |
| **RDX, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court is a Motion to Dismiss filed by Defendants
Fleet Equipment, LLC ("Fleet Equipment"), Fleet Equipment
Leasing, LLC ("Fleet Leasing"), and Fleet Transportation, LLC ("Fleet
Transportation") (collectively "Fleet entities"). (d/e 55). The Fleet

entities seek to dismiss the action against them for lack of personal jurisdiction.  But because the Fleet entities availed themselves to the Illinois's jurisdiction through minimum contacts as required by the Fourteenth Amendment, the Court concludes that the exercise of personal jurisdiction over the Fleet entities is appropriate.  The Motion (d/e 55) is, therefore, DENIED.

## I.    BACKGROUND

The following facts are taken from Plaintiffs' Second Amended Complaint (d/e 45)[1] and other papers submitted in the Motion to Dismiss briefing.  Curry v. Revolution Labs., LLC, 949 F.3d 385, 393 (7th Cir. 2020) ("the district court may weigh the affidavits" submitted regarding the issue of personal jurisdiction).

This case concerns a traffic accident which occurred in Montgomery County, Illinois, in March 2020 and resulted in Ms. Robin Francis' death.  Second Am. Compl. (d/e 45) ¶ 1; MC Second

---

[1] This matter involves two cases were consolidated on April 25, 2023.  See Jaeger v. RDX, LLC, et al., Lead Case No. 22-cv-3018; Doyle v. RDX, LLC, et al., Member Case No. 22-cv-3030.  The Court ordered that Jaeger v. RDX, LLC, et al., Case No. 22-cv-3018 serve as the Lead Case.  The references to the record in this Opinion and Order are, accordingly, primarily to filings in the Lead Case.  Where references to materials in the Member Case are necessary, they are signified as "MC."  Additionally, the Motion (d/e 85) in Member Case No. 22-cv-3030 is DENIED for the same reasons the Fleet entities' Motion is denied here.

Am. Compl. (d/e 74) ¶ 1.  Plaintiff Richard Jaeger, a resident of the

State of Wisconsin, was the driver of the vehicle in which Mr.

Francis was a passenger.  Second Am. Compl. (d/e 45) ¶ 2; MC

Second Am. Compl. (d/e 74) ¶ 1.  Plaintiff Peter Doyle is the

administrator of Ms. Francis' estate and a next of kin.  MC Second

Am. Compl. (d/e 74) ¶ 2.  Plaintiffs Liz Doyle, Jennifer Whetter, and

Margaret Sheldon are also Ms. Francis' next of kin.  Id. ¶¶ 3–5.  Mr.

Doyle is a resident of Massachusetts, Ms. Doyle is a resident of New

York, Ms. Whetter is a resident of Wisconsin, and Ms. Sheldon is a

resident of Minnesota.  Id.

Following the accident, Plaintiffs sued, among others,

Defendants Fleet Equipment, Fleet Leasing, and Fleet

Transportation which, Plaintiffs allege, were negligent in owning,

maintaining, controlling, and inspecting a trailer that was  leased

and which was involved in the accident.  Second Am. Compl. (d/e

45) pp. 16–23.  Each of the Fleet entities is a Tennessee Limited

Liability Company with headquarters in Memphis, Tennessee.  Id.

¶¶ 4–6.  The Fleet entities now move to dismiss the claims against

them under Federal Rule of Civil Procedure 12(b)(2), arguing that

the Court lacks personal jurisdiction over them.  Plaintiffs oppose
Fleet's motion.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(2) tests the court's
personal jurisdiction over a defendant.  The plaintiff bears the
burden of establishing personal jurisdiction, though the plaintiff
need not allege the existence of personal jurisdiction in the
complaint.  NBA Props., Inc. v. HANWJH, 46 F.4th 614, 621 (7th
Cir. 2022); Steel Warehouse of Wisconsin, Inc. v. Leach, 154 F.3d
712, 715 (7th Cir. 1998).  In evaluating a motion to dismiss under
Rule 12(b)(2), the Court may consider and weigh affidavits and
other evidence submitted by the parties.  Curry, 949 F.3d at 393.
"When the district court bases its determination solely on written
materials and not an evidentiary hearing, plaintiffs must only make
a prima facie showing of personal jurisdiction over the defendants
to survive their motion to dismiss."  Matlin v. Spin Master Corp.,
921 F.3d 701, 705 (7th Cir. 2019).  The plaintiff's factual assertions
are accepted as true, and all factual disputes are resolved in the
plaintiff's favor.  Id.  But "once the defendant has submitted
affidavits or other evidence in opposition to the exercise of

jurisdiction, the plaintiff must go beyond the pleadings and submit
affirmative evidence supporting the exercise of jurisdiction."
Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 783
(7th Cir. 2003).

### III.   ANALYSIS

"The Due Process Clause of the Fourteenth Amendment limits
the power of a state court to render a valid personal judgment
against a nonresident defendant."  World-Wide Volkswagen Corp. v.
Woodson, 444 U.S. 286, 291 (1980).  The fundamental reason for
limiting a state's courts' jurisdiction over residents of sister states is
to uphold "traditional notions of fair play and substantial justice,"
International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945),
and to uphold principles of federalism between the states.  Ford
Motor Co. v. Montana Eighth Jud. Dist. Ct., 141 S.Ct. 1017, 1024
(2021) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S.
286, 293 (1980)).

This limitation on personal jurisdiction extends to federal
courts sitting in diversity because "[f]ederal courts ordinarily follow
state law in determining the bounds of their jurisdiction over
persons" of different states.  Walden v. Fiore, 571 U.S. 1115, 1121

(2014) (quoting <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 125 (2014));
Fed. R. Civ. P. 4(k)(1)(A).  And because Illinois's long-arm statute
allows Illinois courts to exercise personal jurisdiction on any basis
"permitted by the Illinois Constitution and the Constitution of the
United States," 735 ILCS 5/2-209(c), this Court's exercise of
personal jurisdiction is permitted "to the full extent permitted by
the Fourteenth Amendment's Due Process Clause."  <u>Curry</u>, 949
F.3d at 393.

There are two types of personal jurisdiction that do not offend
due process: general, or all-purpose, jurisdiction and specific, or
case-linked, jurisdiction.  <u>Bristol-Meyers Squibb Co. v. Superior
Court of Cal., San Francisco Cty.</u>, 137 S.Ct. 1773, 1779–80 (2017);
<u>Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.</u>, 141 S.Ct. 1017,
1024 (2021).  General personal jurisdiction refers to the forum in
which a party, either a person or corporation, is "essentially at
home."  <u>Ford Motor Co.</u>, 141 S.Ct. at 1024.  The "paradigma[tic]"
examples of forums states which would have general personal
jurisdiction over corporations are the corporation's "place of
incorporation and principal place of business."  <u>Id.</u>  As Plaintiffs
concede, the only forum of general personal jurisdiction for the

Fleet entities is Tennessee, so general personal jurisdiction is plainly inapplicable here.  Instead, the Court turns to specific personal jurisdiction.

Specific personal jurisdiction covers cases with defendants who are not at home in the forum, like the Fleet entities here.  In specific jurisdiction cases, due process requires the presence of "minimum contacts" between the non-resident defendant and the forum state.  Walden, 571 U.S. at 283 (quoting International Shoe, 326 U.S. at 316).  The Seventh Circuit has articulated three essential requirements to establish specific personal jurisdiction over a non-resident defendant:

> First, the defendant's contacts with the forum state must show that it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state. Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.

NBA Props., 46 F.4th at 621 (quoting Curry, 949 F.3d at 398).  The key to this test is showing the "defendant[] targeted the forum state," Matlin, 921 F.3d at 706, and whether the defendant "enjoys

the benefits and protection of [the forum state's] laws."

International Shoe, 326 U.S. at 319.

## A.  Fleet's contacts with Illinois are related Plaintiff's alleged injuries.

The Court begins with the relatedness requirement because the analysis is straightforward.  The focus of the minimum contacts question is "on the relationship among the defendant, the forum, and the litigation."  Walden, 571 U.S. at 284 (internal quotation and additional citation omitted).  Put another way, the claims of the suit must "arise out of or relate to the defendant's contacts with the forum."  Ford Motor Co., 141 S.Ct. at 1026 (quoting Bristol-Myers Squibb, 137 S.Ct. at 1780) (emphasis in original).  The contacts with the forum state need not have caused the events giving rise to the suit, the contacts need only be "suit-related."  NBA Props., 46 F.4th at 625 (quoting Curry, 949 F.3d at 400 (emphasis omitted)).  "This [relatedness] requirement is met when direct sales from the defendant in the forum state involve the infringing product."  Id.

Substitute 'sale' for 'lease,' 'sell,' and 'repair' and the immediately preceding sentence describes the case against each of the Fleet entities.  Plaintiffs allege that each of the Fleet entities was

negligent in owning, maintaining, controlling, and inspecting the leased trailer. Fleet Leasing has leased trailers to at least eleven customers in Illinois from 2013 to 2022 totaling 46 trailers leased. See Hough Aff. (d/e 32). Fleet Equipment sells parts for its trailers and has shipping capabilities for customers who purchase those parts. Id. And Fleet Transportation is in the business of repairing trailers like the one at issue here. Id. Those facts fit squarely within the Seventh Circuit's relatedness framework. The Court, therefore, finds that Fleet's contacts with Illinois were sufficiently related to the claims of this case.

**B.    Fleet purposefully availed itself of jurisdiction in Illinois.**

The contacts between each of the Fleet entities and Illinois also show that Fleet purposefully availed itself of jurisdiction in Illinois. The contacts a non-resident defendant makes with the forum state must show the defendant "reached out beyond" its home. Id. at 285. The contacts must be deliberate, made by the defendant itself, and not "random, isolated, or fortuitous." Ford Motor Co., 141 S.Ct. at 1025 (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)); see also Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984) ("[The] unilateral

activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction"). "The defendant's contacts with the state must demonstrate that the defendant purposively availed itself of the laws of that jurisdiction by availing itself of the privilege of doing business in the state or by purposively directing activities at the state." NBA Props., 46 F.4th at 621 (citing Lexington Ins. Co. v. Hotai Ins. Co., 938 F.3d 874, 878 (7th Cir. 2019)).

Each of the Fleet entities argue that the volume of each of their transactions with Illinois customers, when compared to their total transaction volume and revenue, are de minimus and cannot be enough to establish minimum contacts. Specifically, Fleet Leasing states that it had only the 3 trailers under lease to companies connected to Illinois at the time of the accident, which accounts for approximately $15,500 out of approximately $17 million of Fleet Leasing's in revenue in 2020. Mem. (d/e 56) p. 6 (referencing Ex. 3 (attached to d/e 23)). Fleet Equipment states that its transactions with Illinois companies in 2020 amounted to only $1.9 million of $70 million revenue, and Fleet Transportation

states that it performed $22,116.55 worth of equipment repairs to an Illinois customer out of a total $4 million in revenue in 2020.  Id. The amount of revenue derived from Illinois customers as compared to each of the Fleet entities' total revenue, the Fleet entities argue, is too small to establish minimum contacts.

But that kind of "rigid numerical line" which the Fleet entities seek to enforce was rejected by the Seventh Circuit in NBA Properties.  46 F.4th at 624.  The non-resident defendant there argued that "a single transaction cannot be sufficient to establish jurisdiction."  Id.  The Seventh Circuit rejected that argument, stating jurisdictional numerical lines run afoul of the Supreme Court's warning against "talismanic jurisdictional formulas" which "are not an acceptable instrument in the toolbox of a court assessing personal jurisdiction," and held that the single transaction there was sufficient to establish jurisdiction.  Id. at 625 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 485 (1985)). "The question is not whether the plaintiff purchased enough goods to subject the defendant to personal jurisdiction.  The focus is whether [the defendant] purposefully directed its conduct at Illinois."  Id.  Therefore, this Court does not consider the volume of

business between Fleet and customers in Illinois.  Instead, this
Court only asks whether Fleet's purposeful contacts with Illinois
customers, however large or small the volume may be, evidence
Fleet's purposeful availment to the jurisdiction of Illinois courts.
They do.

The facts here show that both Fleet entities purposely availed
themselves of the jurisdiction of the Illinois courts.  Each of the
Fleet entities did business with customers in Illinois.  Fleet Leasing
contracted with at least eleven different customers with addresses
in Illinois in the last decade.  Hough Aff. (d/e 32) p. 3.  Fleet
Equipment, in turn, performed approximately $13,527,594.24
worth of sales in Illinois between 2018 and June 2022.  Id. p. 4.
And Fleet Transportation performs repairs on the trailers it leases
or the equipment it sells to its Illinois customers, including at least
one customer in 2020.  Id.  Each of these facts shows a willingness
to contract with customers in Illinois and establishes minimum
contacts.

The Fleet entities' website, https://www.fleetequip.com,
further establishes minimum contacts.  (last accessed June 24,
2023).  See Anderson Aff. (d/e 64) at Exs. 1–4.  The Fleet entities'

website is easily accessible to all in Illinois.  The Fleet entities point
to the Seventh Circuit's decision in be2 LLC v. Ivanov while arguing
that the website is insufficient to establish personal jurisdiction in
Illinois.  642 F.3d 555 (7th Cir. 2011).  There, the Seventh Circuit
held that the "mere[] operat[ion of] a website, even a 'highly
interactive' website, that is accessible from, but does not target, the
forum state" does not evidence purposeful availment to the
jurisdiction of that forum state's courts.  Id. at 559.  The Court
there held that "the constitutional requirement of minimum
contacts is not satisfied simply because a few residents [of the
forum state] have registered accounts on" an interactive website.
Id.

But those are not the facts here.  Here, each of the Fleet
entities has contracted with and sold products to Illinois customers.
And the website invites users to submit requests for parts by filling
out an online form in which the requester may submit its address
and in which the Fleet entities do not expressly preclude or disclaim
delivery to Illinois.  See https://www.fleetequip.com/
request-genuine-trailer-parts--xparts_request (last accessed June
24, 2023).  Based on the Fleet entities' prior business with Illinois

customers, <u>see</u> Hough Aff. (d/e 32), and their continued invitation on their website to do the same, the Fleet entities clearly "stand[] ready and willing to do business with Illinois residents." <u>Illinois v. Hemi Group, LLC</u>, 622 F.3d 754, 758 (7th Cir. 2010).  On these facts, the Fleet entities have "unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so." <u>NBA Props.</u>, 46 F.4th at 624.  The Fleet entities' contacts with Illinois are anything but "random, isolated, or fortuitous." <u>Ford Motor Co.</u>, 141 S.Ct. at 1025.

**C. Subjecting Fleet to jurisdiction in Illinois does not offend traditional notions of fair play and substantial justice.**

The personal jurisdiction test lastly examines whether the exercise of personal jurisdiction over the Fleet entities in Illinois would comport with traditional notions of fair play and substantial justice. <u>NBA Props.</u>, 46 F.4th at 621.  Considerations include the burden on defendants, the forum state's interest in adjudicating the matter, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of the underlying dispute, and the shared interest of the several states in furthering fundamental substantive

social policies.  Id. at 627.  Once a plaintiff has made a showing of minimum contacts, the defendant must present a "compelling" case that jurisdiction is unreasonable.  Curry, 949 F.3d at 402.

This case involves a traffic accident that occurred squarely in Central Illinois.  Plaintiffs each admit that none is an Illinois citizen. Neither are the Fleet entities.  But the Fleet entities are engaged in business with Illinois customers with products that necessitate the use of Illinois's roads.  And it was on those roads that the fatal accident in this case occurred.  It is difficult to imagine a fairer forum in which to hale the Fleet entities for this case than Illinois. The burden on the Fleet entities to litigate in Illinois is no greater than the burden the Fleet entities themselves take on in agreeing to contract with and service customers in Illinois.  In contrast, Plaintiffs' interests in obtaining convenient relief in their case against the Fleet entities in the same action against the other defendants weighs heavily in favor in exercising jurisdiction in Illinois.  Because the Fleet entities have not made a compelling showing otherwise, the Court finds that the exercise of jurisdiction in Illinois over the Fleet entities is fair and just.

## IV.   CONCLUSION

The Court finds that Plaintiffs have carried their burden to establish this Court's personal jurisdiction over the Fleet entities. Fleet's Motion to Dismiss (d/e 55) is, accordingly, DENIED.  The Fleet entities shall file an answer in this consolidated action in no less than fourteen days.

**IT IS SO ORDERED.**
**ENTERED: July 5, 2023.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**