# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **RICHARD JAEGER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-3018 |
| ) | |
| ) | CONSOLIDATED WITH |
| ) | |
| ) | Case No. 22-cv-3030 |
| ) | |
| ) | |
| **RDX, LLC, FLEET EQUIPMENT,** ) | |
| **LLC, FLEET EQUIPMENT** ) | |
| **LEASING, LLC, FLEET** ) | |
| **EQUIPMENT TRANSPORTATION,** ) | |
| **LLC, ROBERT WILLIAMS, and** ) | |
| **HYUNDAI TRANSLEAD CO., et al.** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court are the parties' various Motions for Good Faith Finding and pleadings in support. (Lead Case, d/e 118, 123; Consolidated Case, d/e 108, 109, 111). After review of the parties' submissions, their arguments in support and with no objection from any other party, the parties' Motions for Good Faith Finding (Lead Case, d/e [118, 123]; Consolidated Case, d/e [108, 109, 111]) are GRANTED.

## BACKGROUND

This matter arises out of a motor vehicle collision in Montgomery County Illinois. Plaintiff, Richard Jaeger was traveling with Ms. Robin Francis on March 2, 2020. Mr. Jaeger was driving his vehicle while Ms. Francis was in the passenger seat. Mr. Jaeger and Ms. Francis were driving north on I-55 when a tractor, driven by Mr. Robert Williams, was travelling south on I-55. The trailer being hauled by Mr. Williams was owned by Fleet Equipment, LLC, Fleet Equipment Leasing, LLC and/or Fleet Equipment Transportation, LLC ("Fleet Entities"). This trailer was a 53-foot-box trailer manufactured and designed by Hyundai Translead Co. ("Hyundai"). Fleet leased the trailer to the RDX, LLC who was also Mr. Williams' employer. Directly in front of Mr. Jaeger, also traveling north on I-55, was Jorian Clark.

While traveling south, the tires on the trailer being hauled by Mr. Williams became dislodged and traveled across the southbound lanes and median. These tires stopped in the lanes heading north, the same direction being traveled by Mr. Jaeger, Ms. Francis, and Jorian Clark. Mr. Jaeger's car struck the automobile of Ms. Jorian Clark, as well as a tractor-trailer, and Ms. Francis was killed as a

result of these collisions. Thereafter, Mr. Jaeger filed suit against the Defendants in this action and a second lawsuit was filed on behalf of Ms. Francis' Estate. (Consolidated Case 2022-cv-3030). A number of counter-claims and cross-claims for contribution were made among the parties, and Third-Party Complaints were filed by RDX, LLC, Robert Williams, and Hyundai as to both Jorian Clark and Dice's Diesel, Inc. On July 5, 2023, the cases brought by both Mr. Jaeger and the Doyle Plaintiffs were consolidated into the present lead case for discovery by order of this Court.

The parties have engaged in various discovery and motion practice, settlement negotiations, and currently pending are the respective good faith motions before the Court. (Lead Case, d/e 118, 123; Consolidate Case, d/e 108, 109, 111).

## LEGAL STANDARD

As an initial matter, all parties agree that Illinois law governs whether the parties may proceed with the settlements previously negotiated and that the Court must make a good faith finding pursuant to Illinois law before any settlement may be fully completed and amounts paid.

The Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1

et seq., provides that a tortfeasor who settles in good faith with the injured party is discharged from contribution liability. 740 ILCS 100/2(c) and (d). The term "good faith" is not defined in the Act; it must be determined by the trial court after consideration of all the circumstances. *Wreglesworth v. Arctco, Inc.*, 740 N.E.2d 444, 449 (Ill. App. 2000).

Factors to consider in determining whether a settlement was made in good faith include: (1) whether the amount paid was within a reasonable range of the settlor's fair share, *In re Guardianship of Babb*, 642 N.E.2d 1195, 1199 (Ill. 1994); (2) whether there was a close personal relationship between the settling parties, *Warsing v. Material Handling Services, Inc.*, 648 N.E.2d 1126, 1129 (Ill. App. 1995); (3) whether the plaintiff sued the settlor, *Warsing*, 648 N.E.2d at 1129; and (4) whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement, *Babb*, 642 N.E.2d at 1200.

A trial court is to consider all of the surrounding circumstances in determining whether a settlement was made in good faith. *Id.* at 1199; *Wreglesworth ex rel. Wreglesworth v. Arctco, Inc.*, 740 N.E.2d 444, 449 (Ill. App. 2000).

## ANALYSIS

### A. The settling parties have made a *prima facie* showing of good faith settlements.

On September 30, 2024, Mr. Jaeger filed his Motion for Good Faith Finding in Settlement. (Consolidated Case, d/e 108). Subsequently, on October 8, 2024, Ms. Clarke filed her Motion for Good Faith Finding in relation to the settlement reached with the Doyle Plaintiffs (Consolidated Case, d/e 109) and, on October 24, 2024, Ms. Clarke filed her Motion for Good Faith Finding in relation to the settlement reached with Jaeger (Lead Case, d/e 123). On October 18, 2024, RDX, Mr. Williams and the Fleet Entities filed their Motion for Good Faith Finding and corresponding memorandum of law. (Lead Case, d/e 118, Consolidated Case, d/e 111].

The issue the Court must determine to ensure these settlements are finalized and monies distributed, is whether the settlements were made in good faith pursuant to the Joint Tortfeasor Contribution Act. The Illinois Supreme Court has recognized that the Act seeks to promote two important public policies: encouraging settlements and ensuring the equitable apportionment of damages among tortfeasors. *Antonicelli v. Rodriguez*, 104 N.E.3d 1211, 1218 (Ill.

5

2018). Various factors may be considered in determining whether a settlement was made in good faith, including: (1) whether the amount paid by the settling tortfeasor was within a reasonable range of the settlor's fair share; (2) whether there was a close personal relationship between the settling parties; (3) whether the plaintiff sued the settlor; and (4) whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement. *Wreglesworth* at 449.

The Court has reviewed each of the Motions for Good Faith Finding, Memoranda in Support, and each of the parties' filed settlement agreements. The parties argue each of the individual settlements were made in good faith and provide the specific financial breakdown of which party will receive which amount. Based on the briefings, Mr. Jaeger has settled with the Doyle Plaintiffs for a total of $1,472,000.00; RDX, Williams and the Fleet Entities have settled with Mr. Jaeger and the Doyle Plaintiffs for a total of $1,000,000.00, with the Doyle Plaintiffs to receive $600,000.00 and Mr. Jaeger to receive $400,000.00. Ms. Clarke has settled with the Doyle Plaintiffs for a total of $35,000.00 and settled with Mr. Jaeger for a total of $15,000.00.

The Court finds, based on the materials provided by the parties, that these settlement negotiations were done as a result of arms' length negotiations and that there is seemingly no close personal relationship between the settling parties.

Regarding whether defendants are settling for a reasonable range of the fair share, the parties have proven the amounts are of a fair value. Defendants RDX, Williams, and Fleet are paying a total of $1,000,000 to the Plaintiffs in these actions, namely the Doyle Plaintiffs and Mr. Jaeger. These Defendants include the driver of the tractor trailer which lost its wheels, his employer, and the owner of the trailer being hauled attached to the truck. Of that $1,000,000 sum, 60% will be distributed to the family of the deceased Ms. Francis and 40% to Mr. Jaeger.

Mr. Jaeger, who was the driver of the vehicle which was transporting Ms. Francis at the time of her death, is paying the Doyle Plaintiffs $1,472,000. Last, Ms. Clarke, who was driving the vehicle ahead of Mr. Jaeger's, was sued for contribution by other Defendants and will be paying $35,000 and $15,000 to the Doyle Plaintiff's and Jaeger, respectively as her share of liability.

These sums and the settlement agreements which have now all

been filed on the docket are within a reasonable range for each settling Defendant and Plaintiff Jaeger's liability for the incident at issue. Further, these amounts represent the full insurance limits available to the settling parties and the Court finds them appropriate especially considering the nature of this action, whether parties are individuals or corporations, and their potential liability.

As to the non-settling parties, Hyundai and Dice's Diesel, there has been some resolution. Hyundai filed an unopposed dispositive motion, which was granted on December 16, 2024, extinguishing their liability. (d/e 129, 136; December 16, 2024 Text Order). As to Dice's Diesel, this entity has defaulted and the parties stipulate to Dice's dismissal from this matter without prejudice. (d/e 138).

Based on a review of pertinent facts and parties, the representations made by counsel, the memoranda in support, the settlement agreements and without objection from any other party, the Court finds that the settling parties have made a *prima facie* showing of a good faith settlement and the parties' Motions for Good Faith Finding (Lead Case, d/e [118, 123]; Consolidated Case, d/e [108, 109, 111]) are GRANTED in that regard.

B. **Counsel for the Doyle Plaintiffs' Request for Attorneys**

**Fees and Costs is GRANTED.**

On October 24, 2024, the Court entered an order regarding the parties' motions for good faith finding which also addressed the imposition of attorney fees. (October 24, 2024 Text Order). Specifically, the Court informed the parties that it was in receipt of the good faith motions and that some parties sought the imposition of attorney fees. *Id.* Further, the parties were directed to file appropriate documentation in support of the motion for attorney fees within 14 days of the resolution of the motions seeking a good faith finding.

The Court, in this order, has now resolved the motions for good faith finding and notes counsel for the Doyle Plaintiffs specifically requested the Court find counsel's requested attorney fees and costs are fair and reasonable. The Court has reviewed the Doyle Plaintiff's Motion for Good Faith Finding, an Affidavit in Support, which includes the contingency fee agreement between the Doyle Plaintiffs and counsel (Lead Case, d/e 128, Exhibit F), and an additional affidavit from counsel Jay Urban. (Lead Case, d/e 131).

After review, the Court finds that the agreement between the Doyle Plaintiffs and counsel provides for the payment for attorney

9

fees and reimbursement of costs. The Court awards counsel for the Doyle Plaintiffs fees in the amount of $702,333.33. This total includes $200,000 for their representation on the Jaeger matter (Lead Case) and $502,333.33 for their representation in the companion case where the Doyle Plaintiffs brought suit, which accounts for 33 and 1/3% of the gross settlement amount. Further, the Court awards costs and expenses in the total amount of $16,666.67 to counsel for the Doyle Plaintiffs. (Lead Case, d/e 128, 131).

The remainder of the settlement amount shall be distributed to the Doyle Plaintiffs per their requests with $277,600, or 1/5 to each of the following: Peter Doyle, Liz Doyle, Jennifer Whetter, Margaret Sheldon and Dan Doyle. Lastly, the special administrator may distribute the settlement amounts in accordance with this order.

## **CONCLUSION**

The parties' Motions for Good Faith Finding (Lead Case, d/e [118, 123]; Consolidated Case, d/e [108, 109, 111]) are GRANTED. This Order SHALL be filed in both the lead and consolidated matter between the parties.

Counsel for the Doyle Plaintiffs' request for attorney fees is

GRANTED as specified in their motion and affidavits. (Lead Case, d/e [128, 131]).

An order on the parties' Stipulation of Voluntary Dismissal is forthcoming.

**ENTERED: January 13, 2024.**
**FOR THE COURT:**

                              */s/Sue E. Myerscough*
                              **SUE E. MYERSCOUGH**
                              **UNITED STATES DISTRICT JUDGE**